MAYER SHAPIRA *vs.* THOMAS J. BARNEY.

December 15, 1882.

**Action for Conversion of Platform attached to a Building.**—A wooden platform, situate in the building of defendant, belonged to plaintiff, who had the right to remove it. The defendant refused to permit the plaintiff to enter the building and remove it, and claimed it as his own property. *Held*, that an action will lie against the owner of the building for the wrongful conversion of the platform, although it be attached to the building.

Evidence considered, and *held* sufficient to sustain the findings of the court below.

Appeal by defendant from a judgment of the municipal court of St. Paul.

*John W. Willis*, for appellant.

*O'Brien, Eller & O'Brien*, for respondent.

MITCHELL, J.[*] This was an action for the wrongful conversion of a wooden platform, the alleged personal property of the plaintiff. The question for consideration is whether the findings of fact of the court below are sustained by the evidence. Upon examination we think the evidence reasonably tends to prove the following state of facts, to wit: That the platform in question was erected in defendant's building, by Finkelstein & Co., his tenants, while occupying it as a furniture store; that they erected it with the knowledge and consent of defendant, and at their own expense, to be used in displaying their goods; that it was fastened to four scantlings, which were nailed to the walls of the building, the stairs to it being fastened at one end to the platform, and at the other end to the floor; that

---

[*]Gilfillan, C. J., because of illness, took no part in this case.

although it could not be removed without being taken apart, yet it was capable of being severed and taken away without any great injury to the building. Finkelstein & Co., having become insolvent during the term of their lease, executed to plaintiff a general assignment for the benefit of creditors of all their property, including their lease of the building and the platform in controversy. The plaintiff, with consent of defendant, assigned the unexpired term of the lease to one Walsh, but reserving the platform, there being at the time an understanding between him, defendant, and Walsh, that he could come and take it away at any time; that, within a reasonable time, the plaintiff came and entered the building for the purpose of removing it, when defendant claimed it as his own property, and threatened to have him arrested for stealing if he took it.

We think that this was sufficient to justify the court in finding that, in view of the relation of the parties as landlord and tenant, and in the absence of any express agreement to the contrary, the platform did not become a part of the realty, but remained the personal property of the tenant, with the right of removal, and that this right had not terminated when plaintiff attempted to exercise it. We also think that the conduct of defendant, when plaintiff attempted to remove the property, was equivalent to a refusal to permit him to do so, and obviated the necessity of any formal demand for it by plaintiff. Under these circumstances an action for the wrongful conversion of the property will lie against defendant, although it has never been severed from the building. *Stout* v. *Stoppel, ante,* p. 56.

Judgment affirmed.