POND & HASEY COMPANY v. THOMAS O'CONNOR and Others.[1]

December 2, 1897.

Nos. 10,769—(159).

**Landlord and Tenant—Fixtures—Heating Plant.**

Evidence *held* sufficient to justify a finding that a certain heating plant, put into a building by a tenant, was, as between him and the landlord, a part of the realty.

**Mechanic's Lien—Application of Payments.**

Rule applied, that payments made on one continuous account consisting of several items, but constituting but one debt, must be applied on the account according to the priority of time; that is, the first item on the debit side is discharged or reduced by the first item on the credit side.

**Same—Finality of Application of Payment.**

This rule is not altered by the fact that some of the items are secured because the subject of a mechanic's lien, while others are not. An application of a payment once lawfully made by either party is final and conclusive, and the law will not disturb such application.

Appeal by defendants Gibson and Wyman from an order of the

[1] Reported in 73 N. W. 159, 248.

district court for Hennepin county, Jamison, J., denying a motion for a new trial, after findings and an order for judgment in favor of the plaintiff and of defendant Cederstrand. Affirmed as to plaintiff, and as to Cederstrand remanded with directions.

*Howe Paige, Judson Wicks* and *Welch, Hayne & Hubachek,* for appellants.

As to application of payments Hersey v. Bennett, 28 Minn. 86; Winnebago v. Travis, 56 Minn. 480; were cited. As to the question of fixtures O'Brien v. Haydock, 59 Mo. App. 653; Koenig v. Mueller, 39 Mo. 165; Collins v. Mott, 45 Mo. 100; Richardson v. Koch, 81 Mo. 264; Baldwin v. Merrick, 1 Mo. App. 281; Merchants v. Stanton, 55 Minn. 211, 62 Minn. 204; were cited.

*Salmon & Grotte* and *Robert Christensen,* for respondents.

All work and improvements shown to have been done by Cederstrand are lienable items, the court should have so held, and the question of application of payments does not enter into this case. O'Brien v. Kusterer, 27 Mich. 289; Scheible v. Schickler, 63 Minn. 471; McAuliffe v. Mann, 37 Mich. 539; Coleman v. Stearns, 38 Mich. 30; Stockwell v. Marks, 17 Me. 455; Potter v. Cromwell, 40 N. Y. 287; Capen v. Peckham, 35 Conn. 88; Nordyke v. Hawkeye, 53 Iowa, 521; Stockwell v. Campbell, 39 Conn. 362; McGorrisk v. Dwyer, 78 Iowa, 279; Jefferson v. Leithauser, 60 Minn. 251; Farrar v. Stackpole, 6 Me. 154. When a person has made an admission which is clearly inconsistent with the evidence he proposes to give or the title or claim he proposes to set up, he will be estopped from making such claim or asserting such title. Lucas v. Hart, 5 Iowa, 415.

MITCHELL, J.[2]

This action was brought by the plaintiff to enforce a mechanic's lien for labor performed and material furnished in putting a heating plant into a building owned by the defendants Gibson and Wyman, and by them leased to the defendant O'Connor. The plaintiff's contract for putting in the plant was with the lessee, and the object of the suit was to subject to the lien the interest of the owners or lessors, as well as that of the lessee, in the property. The defendant

[2] BUCK, J., absent, took no part.

Cederstrand answered, claiming a like and co-ordinate lien on the property for labor performed and material furnished for the lessee in altering and remodeling the building. The court held that both plaintiff and Cederstrand were entitled to liens for part of their respective claims on the interests of both lessors and lessees in the property. This appeal is by Gibson and Wyman, the owners and lessors.

Counsel for the appellants discuss in their brief some questions which are not covered by the assignments of error, many of which are very general and indefinite. We find no assignments of error which reach the question whether, assuming that the claimants were entitled to liens on the leasehold interest of O'Connor, the interest of the appellants was also subject to such liens. Several of the assignments of error which were possibly intended to challenge the sufficiency of the evidence to justify the findings of fact merely raise the question whether certain conclusions of law were justified by the findings of fact.

As respects plaintiff's claim, the only important question is that raised by the third assignment of error, to wit, that the court erred "in finding that the said heating plant is so affixed to the realty as to have become a portion thereof, and that it was never the intention of said parties that it should be removed or could be removed by the said tenant." And the only question raised by this assignment is whether, as between the lessors and lessee, this plant became a part of the realty; counsel's position seeming to be that if, as between those parties, the plant did not become a part of the realty, the plaintiff would not be entitled to any lien at all.

Assuming, without deciding, this to be the law, we are of opinion that the finding complained of was justified by the evidence. Whether an annexation is a removable fixture or a permanent and immovable part of the realty is largely a question of fact, depending upon the nature of the article annexed, the relation of the party making the annexation, the structure and mode of annexation and the purpose or use for which the annexation was made.

It appeared that this plant was substituted for a prior one which belonged to the lessors. It consisted of a steam boiler set in and on a cement and brick foundation on a cement floor, and encased in

brick masonry in the basement of the building, and screwed to steam pipes running along under the floor and through holes cut in the floor, and screwed to radiators resting on the floor in the first story, with automatic air valves attached to the radiators. Even under the liberal rule applicable between landlord and tenant the court was justified in finding that the plant became a part of the realty.

2. The principal question as to Cederstrand's claim is raised by the second assignment of error, which was that the court erred "in finding that the sum of .$1,438.50 paid by O'Connor on the Cederstrand account was applied by Cederstrand as payment of the non-lienable articles enumerated in the decision."

The evidence shows that Cederstrand made a contract with O'Connor to furnish for the building a large number of things, such as a store front, doors, partitions, wainscoting, bars, counters, etc., for the agreed sum of $1,750; that, concurrently with and as a part of the same general job, he performed and furnished various items of extra work and materials of the value of $502.55; that during the progress of the work O'Connor made a number of payments amounting in all to $1,438.50; that in his books Cederstrand kept an account of the whole work ("contract" and "extra") and of the payments as one general continuous account, debiting O'Connor on one side with the work done and materials furnished, and on the other side crediting him with the payments. In his lien statement he included the entire $2,252.55 as one account and credited the payments as having been made on that account, and claimed a lien for the general balance of $614.05. He did the same in his answer and alleged that the whole was "one continuous job," the only differences between his lien statement and his answer being that in the latter he itemized the work performed and material furnished under the special contract, amounting in all to $1,750, and alleged the entire amount of labor and materials as being of the value of $2,054.55, instead of $2,252.55. But the answer alleged that the whole was performed and furnished "by virtue of a contract," and the payments are alleged to have been made on that sum. There is no other evidence of an application of the payments by either party.

The court, having held that some of the items of this account were lienable and that the others were not, found that the $1,438.50 "was

and is applied by said Cederstrand as payment of the said non-lienable articles" or items, and that the balance of the account was still "due and owing said Cederstrand upon the lienable items." This finding is without any evidence to support it. On the contrary, the evidence is uncontradicted that in his dealings with O'Connor in his lien statement as well as in his answer he treated the whole thing as one general continuous account, and applied the payments generally on that account, and under a familiar rule the payments will be applied on the account according to the priority of time; that is, the first item on the debit side of the account is discharged or reduced by the first item on the credit side. Hersey v. Bennett, 28 Minn. 86, 9 N. W. 590. See, also, Phillips, Mech. Liens, § 289.

We do not find that any exception has ever been made to this rule unless, perhaps, where some third party has some superior and controlling equity entitling him to some different order of application. So far from this being such a case, the equities are really the other way, for the lien claimants are seeking to subject the appellants' property to the payment of O'Connor's debt. The fact that some of the items are secured because lienable, while others are not, does not alter the rule.

The distinction must be here kept in mind between the case of one continuous account of several items forming but one debt and the case of separate and distinct debts. Even conceding that Cederstrand might have separated the lienable and nonlienable items into two separate accounts and applied the payments, as far as necessary, upon the latter, or that, in the absence of his having done so, the law would do it for him, yet it affirmatively appears that both before and in this suit he has treated the whole thing as one general and continuous account, and himself has applied the payments generally on that account. It is the rule that an application once rightfully made by either party is conclusive and final; also that the law will not disturb an application made by the parties.

Under no view of the law, therefore, can Cederstrand now change, to the prejudice of the appellants, the application which he has already made; nor can the court do so for him. The payments should therefore have been applied on the account according to the priority of the items in point of time. In doing this the articles in-

cluded in the $1,750 contract should be treated as separate items, and not as all constituting but a single item. We do not know, and have not the time to figure out, how this will leave Cederstrand's claim for a lien. We must leave that for the trial court.

The order appealed from is affirmed as to the plaintiff, and as to the defendant Cederstrand the cause is remanded to the court below, with directions either to amend its findings of fact and conclusions of law in accordance with this opinion, or to grant a new trial of the single issue as to the application of payments, as it may be advised.

An application to have the above opinion modified having been made, the following opinion was filed December 23, 1897:

PER CURIAM.

The respondent Cederstrand asks that the opinion heretofore filed be modified so that, instead of directing that the articles included in the $1,750 contract shall be treated as separate, and not a single item, it shall direct that the whole be treated as one item for the purpose of the application of payments, for the reason that it was charged as one item on his books of account, and was all performed under an entire contract for a gross sum.

Both in filing his lien claim and in the statement of account attached to his answer he did not treat the $1,750 as a single item, but separated it into numerous items, giving the date, amount and nature of each; and our attention was not called to the manner in which it was charged on his books of account. The case was argued on the assumption that the statement of items, made part of both the lien statement and of the answer, was a true statement of account of labor performed and materials furnished, both as to amounts, dates and character. The trial court so treated it, but applied the payments on the nonlienable item.

In this court Cederstrand maintained the correctness of the action of the trial court, the only additional suggestion being that his claim might be treated as two separate accounts,—one consisting of the items covered by the $1,750 contract, and the other of the items called "extras,"—in which case the law would apply the payments on the account which was secured the least. We held that the

whole had been treated throughout by Cederstrand as a single, continuous account, and decided that the payments should be applied on it as it was set out in the lien statement and the answer. It may be, had our attention been specifically called to the point, that we would have held that the entire $1,750 should be treated as a single item. But inasmuch as, according to the decision of the trial court, this includes both lienable and nonlienable articles, it may be a question whether the result would be favorable to Cederstrand or to appellants. But, in view of the manner in which the case was tried in the lower court, and argued and submitted in this court, we are not inclined to modify our opinion.