# .REVIEW PRINTING COMPANY v. HARTFORD FIRE INSURANCE COMPANY AND OTHERS.[1]

June 2, 1916.

Nos. 19,817—(207).

**Fire insurance policy — construction — linotype machine.**

> Appellants issued their policies insuring certain property belonging to plaintiffs against loss or damage by fire. Plaintiffs conducted a printing office. The language of the policies covered "printing presses, type, furniture and fixtures, electric motors, imposing stones and such other merchandise, furniture and fixtures as are usually kept and used in a printing office." A fire in plaintiff's printing office damaged a linotype machine kept and used in the office. *Held* that the language of the policies covered the linotype machine.

Action in the district court for Swift county against four insurance companies, to adjudge the proportionate liability of each defendant under its policy of fire insurance. The case was submitted to Qvale, J., with an agreed statement of facts, who made findings and as conclusion of law found that the lineotype machine destroyed in the fire was insured by the policies of two of defendant companies and that the loss sustained be apportioned among all the defendants, and ordered judgment in the sum of $625, which was divided among the defendants. The motion of two of the defendants to amend the findings of fact and conclusions of law was denied. From the judgment entered pursuant to the order for judgment, the Hartford Fire Insurance Company and the Liverpool & London & Globe Insurance Company, Ltd., appealed. Affirmed.

*Nathan H. Chase,* for appellants.

*O'Brien, Young & Stone,* for respondents.

SCHALLER, J.

Plaintiffs were copartners doing business as printers and publishers at Benson in this state. They procured from defendants insurance against

[1]Reported in 158 N. W. 39.

loss by fire. On the twenty-ninth of October, 1914, a fire occurred by which certain of the property covered by the policies was injured and damaged.

After this action was brought the defendants compromised with plaintiffs, and respondent companies paid the amount agreed upon. The action continued as between the four defendants to determine the question as to whether or not the appellants herein should contribute to the payment of the damage agreed upon as to a certain linotype machine. It is conceded that respondents' policies expressly included and covered this linotype machine.

The cause was submitted to the district court on an agreed statement of facts. Findings of fact were made and judgment ordered that the appellants contribute their proportion of the loss on the linotype machine. A motion was made to amend the findings of fact and conclusions of law, which was denied and judgment was entered, from which the Hartford Fire Insurance Company and the Liverpool & London & Globe Insurance Company, Ltd., appeal.

The single contention of the appellants is that the language of the policies issued by them does not cover the linotype machine.

The court finds in the language of the agreed statement of facts that "a linotype machine * * * is now a usual, though not a necessary, part of the equipment of a printing plant of the kind here in question."

The language of the policies, so far as here material, is: "On their printing presses, type, *furniture and fixtures,* electric motors, imposing stones and *such other merchandise, furniture and fixtures as are usually kept and used in a printing office.*" (Italics ours.)

If this language includes the linotype machine, the judgment must be affirmed.

This was a very heavy machine, resting in place on the floor by its own great weight and attached to the building by its electric wiring and gasolene piping. It was used in connection with other machinery and in connection with plaintiff's printing and publishing plant.

The briefs of the parties evidence much learning and research as to the meaning of the words "furniture" and "fixtures," as used in these policies. Whether an article is a fixture depends very much upon the circumstances and the intention of the parties. It would serve no useful purpose to

discuss the meaning of the word as between landlord and tenant, vendor and vendee, mortgagor and mortgagee, or to enumerate circumstances under which a .chattel may or may not become a fixture. See 1 Dunnell, Minn. Dig. §§ 3772, 3773. A distinction is recognized between a fixture which is a part of the realty and a removable fixture (Pond & Hasey Co. v. O'Connor, 70 Minn. 266, 268, 73 N. W. 159, 248), but the chattel is generally termed a fixture, whether permanently attached or removable. Even if this machine had been a "fixture" in the most technical sense, it could have been the subject of insurance in a policy covering the building. So that under the findings it was a fixture, in one sense or the other, and was properly described by that term.

It is reasonable to infer that the plaintiffs intended to protect themselves against loss on this as well as on the other contents of the printing office, and that the insurance companies so understood. If the intent had been to except this machine from the provisions of the policies, that intent could have been easily expressed.

It is argued that even though, as between the insured and the insurer, the linotype machine be held included in the policies, yet as between appellants and respondents, the rule is different.

This we cannot concede. If the language of the policies covered the linotype machine at all, it covered it as to all parties. This machine either was or was not insured by these policies. We hold that it was.

Judgment affirmed.