[L. A. No. 4525. Department Two.—November 23, 1918.]

EARL BOWEN et al., Copartners, etc., Appellants, v. HERMAN DESSER et al., Respondents.

MECHANICS' LIENS—AMENDMENT OF PLEADINGS—LACK OF PREJUDICE.— In a suit to foreclose a mechanic's lien, where the complaint alleged, and the answer admitted, the contractor agreed to pay the reasonable value of certain materials, and the court found that the contractor agreed to pay a certain sum on an express contract, there was no prejudice, in allowing an amendment to the answer to allege the express contract and eliminating the admission that the reasonable value was the measure of the price to be paid, counsel having

moved during the trial for permission to make the amendment, the court announcing that when from the proof it should appear that it ought to be made it would be permitted, and the court having made the order *ex parte* about three weeks after the entry of judgment. This is a case in which section 4½ of article VI of the constitution is clearly applicable.

ID.—PAYMENTS UNDER CONTRACT — APPLICATION TO OTHER INDEBTEDNESS.—Where materialmen took charge of the work under a building contract as agents for the contractor, who had become financially involved, and upon his orders received payments under the contract directly from the owner, they had no right to apply any such payments to indebtedness due from the contractor to them upon a transaction not connected with the building contracts.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Chas. Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank L. Borden, for Appellants.

Charles M. Ackerman, for Respondents.

MELVIN, J.—Plaintiffs sued to foreclose a mechanic's lien. Defendants answered and filed a cross-complaint. Judgment was in favor of defendants. Plaintiffs appeal from the judgment and from an order denying their motion for a new trial.

The court found that the plaintiffs, who are copartners, entered into a contract to furnish to one A. E. Dean, for the sum of $1,350, certain work and the materials to be used in the erection of a building on the property of defendant H. Desser, in the county of Los Angeles. The following facts were also found: This sum of $1,350 has been paid by Desser to plaintiffs. On April 29, 1914, Desser entered into a contract with Dean for the erection of a building at a cost of four thousand five hundred dollars. Of this sum three thousand five hundred dollars was to be paid in specified amounts as the building should progress, and the balance, when the building should be completed and accepted. To secure the faithful performance of the said contract Dean, as principal, and Bowen and Harris, as sureties, entered into another written contract or bond in the sum of $2,250 indemnifying Desser from loss. Both contracts were duly filed for record. Dean,

the contractor, began the erection of the building and proceeded until it was nearly completed when, owing to business reverses, he substituted Bowen and Harris as his agents, and they caused the building to be erected according to the plans and specifications. Upon receipt of orders from Dean, payments due him were made by Desser directly to Bowen and Harris, who, prior to the completion of the building, had thus received three thousand five hundred dollars, leaving one thousand dollars in the hands of the owner of the land. Upon the completion of the building Dean and his successors and agents, Bowen and Harris, failed to release and cancel all claims for material and labor. As a consequence, Desser was compelled to pay claims amounting to more than one thousand dollars, the amount left in his possession for the completion of the building.

The first contention of appellants is that the findings are unsupported by the evidence. In this behalf it is contended that there was no contradiction of the testimony of Mr. Harris to the effect that Dean promised to pay the reasonable value of all materials furnished. There was, however, testimony to the effect that plaintiffs entered into an express contract with Dean, after making an estimate based upon the plans for the building, by which they promised to furnish all the necessary material for $1,350. Mr. Dean testified: "In the beginning I took the plans to Mr. Harris and asked him to figure up the lumber—what he would furnish the lumber and the roof and the flooring to build that flat, and he said, 'Very well.' He measured, he figured it up, and I went back and he showed me it figured on an estimate sheet, and said he would finish the cement and roof and everything that was necessary to build the house as specified therein in the bill for $1,350; and, of course, I took that, and I made my bid on the house—I took that as the price for the material and I signed up the building contract with that understanding that I was to have that material furnished at that price." This testimony, if believed by the court, justified the finding which plaintiffs attack as unsupported. It also leads to the conclusion that the claim of lien filed by plaintiffs as a preliminary to this action did not truly set forth the transaction between the contractor and the materialmen. (*Wilson* v. *Nugent*, 125 Cal. 280, [57 Pac. 1008].)

The complaint averred that the contractor agreed to pay the reasonable value of the materials, which was alleged to be $1,712.41. The answer, as originally drawn, admitted that the contractor did agree to pay the reasonable value of the materials, but denied that they were worth more than $1,350. On these pleadings the court found that Dean did agree to pay the sum of $1,350 on an express contract. Subsequently, the court permitted an amendment to the answer, based upon the theory of an express contract, and eliminating the admission that the "reasonable value" was the measure of the price to be paid. Appellants insist that they were deprived by this ruling of substantial rights. It appears that the counsel for defendants unsuccessfully moved, during the trial, for permission to make this very change in their pleading, by which it would appear that plaintiffs had sold the material and promised to perform certain labor at an agreed price of $1,350, and not upon contract to pay·the reasonable market value thereof. The court announced that when, from the proof of facts at the trial, it should appear that such amendment ought to be made, it would be permitted. The court, in summing up the evidence, not only found upon the express agreement, but also against plaintiffs upon their allegation regarding an agreement to pay a reasonable market value. Counsel for defendants inadvertently failed to renew his motion for leave to file an amendment. The reserved ruling admitting testimony relative to an express agreement, subject to a subsequent determination by the court regarding the motion of defendants for leave to amend the answer, was notice to plaintiffs that they might be called upon to meet that issue. Such notice became a certainty when the court, in summing up, indicated an agreement with defendants in their contention that the contract was not based upon a "reasonable value" of the materials, but upon an express agreement as to price. The court made the order *ex parte*, about three weeks after the entry of judgment. Subsequently there was a hearing, on due notice, of a motion by plaintiffs to vacate said order. Their motion was denied, and they appeal from the order of denial. We are of the opinion that the amendment was merely to bring the pleadings in harmony with the proof and findings, and was without material prejudice to plaintiffs. The issues actually tried and the ones, too, upon which the court had made findings were not changed by

the amendment. This is a case in which the provisions of section 4½ of article VI of the constitution are clearly applicable.

It appears that Dean owed plaintiffs $264.54 upon some transaction not connected with the Desser contract. When plaintiffs received the three thousand five hundred dollars from Desser they applied a portion of it to the payment of this indebtedness. Clearly, they had no right so to do. Harris received the money for his firm and for himself and his co-guarantor for application to the building contract between Dean and Desser, which he had undertaken to carry out for the former. Desser was not responsible for any old debts of his contractor. Clearly, application of this money to the payment of the early indebtedness of the contractor to the materialmen was unauthorized.

No other assignments of error require analysis.

The judgment and orders are affirmed.

Wilbur, J., and Lorigan, J., concurred.