### JOSEPH W. COHEN v. J. A. WHITCOMB.[1]

#### February 14, 1919.

#### No. 21,022.

Lease — covenant — construction of word "improvement" — heating plant.

1. Under a covenant in a lease that "any improvements, repairs or alterations" made by the lessee in or to the building, shall become the property of the lessor and not be removed at the termination of the lease, *held*, that to constitute an improvement within the meaning of the covenant, the hot water heating plant must be so installed therein as to become a part of the realty.

Same — question for jury.

2. Whether a hot water heating plant was so installed in a building as to become a part of the realty, was a question of fact properly submitted to the jury.

Action in the district court for Hennepin county to restrain defendant from removing any part of a heating plant from a certain build-

[1]Reported in 170 N. W. 851.

ing and to recover $500 for injury to the property. The answer set up a counterclaim for $1,200 for the conversion of the heating plant by plaintiff. The case was tried before Fish, J., who at the close of the testimony denied motions for directed verdicts and a jury which answered questions as set out in the fourth paragraph of the opinion and returned a verdict for $708.33 in favor of defendant. From an order denying his motion for judgment for $130 notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*James E. O'Brien,* for appellant.
*George S. Grimes,* for respondent.

QUINN, J.

Elizabeth G. Marshall was the owner of the premises in question, known as No. 418 Nicollet avenue, in Minneapolis, and on March 1, 1905, leased the same to Otto Streissguth for a term of 12 years. The lease contained the following provision:

"Any improvements, repairs or alterations made in or to said buildings by the said lessee during the term of this lease or heretofore made by the said lessee, are now and hereafter to become the property of the said lessor and that at the termination of this lease, no part or appurtenance of the said buildings shall be removed by the said lessee, and that during the term of this lease, no substantial alteration or any change in said buildings, shall be made by the said lessee, without first having obtained the written consent of the said lessor or her representatives."

In February, 1907, Streissguth assigned the lease to the defendant Whitcomb, and subsequent thereto Marshall conveyed the premises to the plaintiff Cohen, subject to the lease. There was no heating plant in the building, and during his occupancy Streissguth installed a hot air plant therein, but before assigning the lease removed the same.

After taking over the lease defendant put a new front in the building and made other repairs and improvements thereto. He also installed a hot water heating plant therein, the furnace and boiler of which were placed in the basement upon a foundation built level with the floor. The pipes in the basement were hung on loop chains; above the basement the radiators and pipes were hung on brackets screwed to the wall; the feed

pipes passed through openings in the floor around which were placed escutcheons, and the tile floor was built up snug to the openings. The pipes and other parts were connected by means of ordinary couplings and bolts, so that the plant could be taken apart without in any way injuring the building.

Shortly before the expiration of the lease defendant disassembled the plant preparatory to the removal thereof, whereupon plaintiff brought this action to enjoin him from so doing, and for damages to the freehold. The defendant, by way of counterclaim, set up that he was the owner of the heating plant and that plaintiff had unlawfully converted the same to his use, and demanded damages therefor. At the close of the testimony each of the parties moved for a directed verdict. Both motions were denied. The court submitted two specific questions to the jury, which, with the answers, were as follows:

(1) What amount of damage was caused to the heating plant and the building by taking the plant apart for the purpose of removal? Answer: $130.

(2) What was the value of the materials constituting the plant, immediately after it was taken apart? Answer: $708.33.

The general verdict was in favor of the defendant for $708.33. Plaintiff moved for judgment in his favor, notwithstanding the verdict for $130, and if denied, for a new trial. From an order denying the motions, plaintiff appealed.

It was and is contended on behalf of plaintiff that the provisions of the lease determine the ownership of the heating plant, and therefore there was no question to submit to the jury so far as a general verdict was concerned, while it is contended on behalf of the defendant that the words, "improvements, repairs or alterations," as used in the lease, exclude fixtures; that they cover and include only such things as become attached to and a part of the realty. Under this lease, it is the "improvements, repairs or alterations, made in or to said buildings" that were to be left. The improvements, in order to come within the provision, must have been to the buildings, to the realty. They must have been to the demised premises, so that the condition and value thereof were improved. The term can hardly be said to mean or include articles which had not been treated so as to connect them with the realty.

The case of Ames v. Trenton Brewing Co. 56 N. J. Eq. 309, 38 Atl. 858, is in point. The test applied by the court in that case was whether the improvements were a part of the realty, and in construing the lease, which was similar to the one under consideration, the court said:

"The thing done which is held to be an improvement is done to the realty. The word itself conveys this meaning. In order that there might be an improvement there must previously have been something to be improved."

The clause under consideration, when taken in connection with the other provisions of the lease, gives to the landlord only those improvements, repairs or alterations which become a part of the realty and has no reference to removable fixtures. If the heating plant were a removable fixture placed in the building by the tenant with the evident intention of removing it at or before the expiration of the lease, then the plaintiff would not be entitled to recover in this action. Whether the heating plant was so affixed to the realty as to become a part thereof was a question of fact for the jury. See Pond & Hasey Co. v. O'Connor, 70 Minn. 266, 73 N. W. 159, 248; Shapira v. Barney, 30 Minn. 59, 14 N. W. 270; Northwestern L. & W. Co. v. Parker, 125 Minn. 107, 145 N. W. 964.

What was meant to be understood by the words "improvements, repairs or alterations," seems to be indicated and limited by a later clause in the contract. It provides that at the termination of the lease "no part or appurtenance of the said buildings shall be removed," clearly implying that all articles not appurtenant, not a part of the realty, might be removed. Webster defines appurtenance as "that which belongs to something else. Something annexed to another thing more worthy." The removal of the plant left the building in just as good condition and repair as it was in at the time of the making of the lease. Had the building contained a heating plant at that time, quite a different question would have been presented. In that case the presumption would naturally have been that a new plant was a substitution for the old and should have been left upon the premises. Unless the plant became a part of the building, it is difficult to understand how it could constitute an improvement thereto, as that term is used in the instrument. We think the trial court properly submitted the question to the jury. No exception was taken at the trial. We see no reason for interference. The

value placed upon the plant seems to be high, but there was testimony in support thereof.

Affirmed.