L. J. MUELLER FURNACE COMPANY v. O. B. COLVIN AND OTHERS.[1]

July 2, 1920.

No. 21,848.

**Mechanic's lien — application of payment — finding of court sustained.**
The evidence sustains the finding of fact upon which the correctness of the conclusion of law rests.

Action in the district court for Hennepin county to recover $160.88 and to foreclose a mechanic's lien for the same. The case was tried before Bardwell, J., who made findings and ordered judgment in favor of plaintiff for $2.84 and costs, and for a sale of the premises to satisfy the judgment. Plaintiff's motion to amend the findings and conclusions was

[1]Reported in 178 N. W. 496.

denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*A. M. Breding,* for appellant.

*Edward T. Teitsworth,* for respondents.

HOLT, J.

Plaintiff furnished material to one Colvin for a heating plant in the dwelling he, as contractor, was erecting for defendants Olsen, the owners. The price of the material was $152.84, according to the agreement of the parties. The first delivery was September 14, 1916, and the last October 12, 1916. The defendant Thorpe Brothers, a corporation, was given a mortgage for $1,600 upon the premises by the owners, to provide means for the construction of the building. The mortgage was duly recorded September 7, 1916. It appears that Thorpe Brothers paid from this loan the labor and material Colvin furnished in the erection of the building. On October 12, 1916, Thorpe Brothers, upon Olsen's direction, gave Colvin its check, to plaintiff's order, for $150 to pay for the materials furnished by it. This check was delivered to plaintiff and was paid. Thorpe Brothers charged the check to Olsen's loan. When this check was delivered to plaintiff by Colvin's son, nothing was said as to its application upon any particular job, but the son testified that within a very few minutes thereafter he called plaintiff's office by telephone and told the one in charge that the check was to apply upon the goods plaintiff had furnished for Olsen's house. This was denied by plaintiff's witness, and it claimed that the check had been applied by it upon items furnished Colvin for other buildings and which had been delivered before those that went into Olsen's house. It therefore filed a lien for the full amount of its claim, and sought foreclosure in this action. The court held that the check mentioned should be applied upon the material sold and delivered for Olsen's premises, and gave a lien for only $2.84 and costs. Plaintiff appeals from the judgment.

The judgment must be affirmed, unless the evidence is insufficient to sustain this determinative finding of fact: "And that within thirty days of the date of furnishing such materials and labor, and on the 12th day of October, 1916, said defendant E. J. Olsen, through the defendant

Thorpe Brothers, caused to be paid to the plaintiff the sum of One Hundred and Fifty Dollars ($150.00) leaving a balance unpaid for said materials and labor only the sum of Two and 84/100 Dollars ($2.84) and no more." No other finding of fact is assailed, nor is error assigned upon any ruling during the trial.

It cannot be questioned that Colvin had the right to apply the payment upon the materials procured for Olsen's house. The check represented Olsen's money, and was obtained for the purpose of paying for whatever plaintiff had furnished for his house. We also think that the trial court could well reach the conclusion that within a few minutes after the check was delivered to plaintiff it was directed to apply the same upon the account in question. This would justify the finding complained of.

Plaintiff however says that, even so, it had already made a different application. And that an application once made must stand, particularly relying on Pond & Hasey Co. v. O'Connor, 70 Minn. 266, 73 N. W. 159, 248, where this court said: "An application of a payment once lawfully made by either party is final and conclusive, and the law will not disturb such application." It is however to be noted that that case related to a materialman's account containing lienable and nonlienable items, where the application of the payment had been made by him upon the account generally, in which case the law required the payment to be applied according to priority of time of the items in the account. But the court suggests that there may be exceptions to the rule "where some third party has some superior and controlling equity entitling him to some different order of application." That appears to be the case here. The $150 came from Olsen, out of the loan he had obtained from Thorpe Brothers; the mortgage was of record, and the check indicated the source of the funds. There is no evidence that plaintiff had done anything to its own prejudice before being notified of how the check should be applied.

The judgment should be and is affirmed.