Argued December 4, 1929, modified April 15; rehearing denied
May 27, 1930

# FAWKES ET AL. *v.* CURTIS ET AL.

(286 P. 981)

*Edward J. Clark* of Portland (Lawrence A. McNary of Portland on the brief) for appellant Denboer.

*A. C. Allen* of Portland for appellants Gypsy Manor Co. and Curtis.

*Frank S. Grant* of Portland for appellant Western Loan & Building Co.

*James B. Finnigan* of Portland (Lewis, Lewis & Finnigan of Portland on the brief) for respondent.

■ BEAN, J. This is a suit to foreclose a mechanics' lien. The issues are narrowed to the sole question of the application by the lien claimant, I. Block, of $3,134 of the proceeds of the check of $3,500; Block claiming in this suit the right to apply that amount in the payment of a note of $1,134, and a loan of $2,000 owing to him by H. H. Eichenberger, the principal contractor.

The parties to this litigation, at this time, are Elizabeth Curtis, owner, when the work was commenced, H. H. Eichenberger, her contractor, I. Block, the plumber and heating subcontractor, under Eichenberger, Gypsy Manor company, who succeeded on May 28, 1927, to all the title in the real estate, and Florence Denboer, holder of certain mechanics' liens established herein without contest and Western Loan and Building company, the first mortgagee.

V. W. Burke, was the agent and representative of the Western Loan and Building company, which we will hereafter call the loan company. O. M. Akers was the architect upon the building involved herein. H. H. Eichenberger made a contract with Elizabeth Curtis to construct a bungalow court apartment house for her upon the land involved.

The Western Loan and Building company of Salt Lake City, Utah, made a mortgage loan of $36,000 to

Elizabeth Curtis on the property involved in this suit. The company was to advance the loan in two installments, one half when the work was half finished and the final installment when it was completed, free of incumbrances. To finance the improvements until such time as the first installment was forthcoming, it was contemplated that a temporary first mortgage would be given and taken up out of the first remittance, and lien waivers secured. The proceeds of the mortgage were to be disbursed to effect an exoneration of the property from liens and to make certain of this the certificate of the architect, Mr. Akers, that the requisite work was done, was required. The payment of $3,500 was made directly to I. Block.

About November 16, 1926, an order was drawn by Elizabeth Curtis upon the Western Loan and Building company in favor of I. Block for $3,500, as follows:

"You are hereby authorized and directed to pay to I. Block of Portland, Oregon, the sum of thirty-five hundred and no/100 dollars ($3,500) and deduct the same from the first half of the proceeds of loan of thirty-six thousand and no/100 dollars ($36,000), approved for me by the Western Loan & Building company of Salt Lake City, Utah, for the construction of the Gypsy Manor apartments, located on property described as:

"Lots 17, 18, 19 and 20, in block 104, Irvington, in the city of Portland, county of Multnomah, state of Oregon;"

(sgd) Elizabeth Curtis.

"Accepted:

"The above order is hereby accepted to be paid out of the first half of the proceeds of the above loan, which should be available when the roof is on the building, and the building is enclosed, with door and window frames in, subject to the usual incidental instructions which

will accompany the remittance of the proceeds by the Western Loan & Building company.

"Western Loan & Building Company,
"By (sd.) V. W. Burke,
"District Manager."

"Endorsement:
    "O. K.   O. M. Aker
    "O. K.   V. W. B."

The order was accepted after receiving the o. k. of Akers, the architect, that Block was entitled thereto. Block had knowledge of this.

On October 27, 1926, Block made the contract with Eichenberger to install the heating plant therein. In addition to this Block furnished a water service for the building, upon the order of Eichenberger, Block's claim being as follows:

| | |
|---|---:|
| Plumbing contract | $3,768.00 |
| Heating contract | 2,709.00 |
| Installing water service | 37.50 |
| | $6,514.50 |

During the construction of the building Block furnished Elizabeth Curtis, upon her order and independent of the Eichenberger contract, certain oil burner equipment for the building of the value of $750. Block purchased this from the Power Plant Engineering company which filed a claim of lien against the property in the sum of $675 therefor.

At the time the order was issued and accepted, Eichenberger was indebted to Block upon a note given for other work in the sum of $1,100. Eichenberger took this order to Block and requested Block to loan him $2,000 with which to carry on the construction of the building to the point where Elizabeth Curtis could draw upon the loan and pay Eichenberger upon his contract.

Eichenberger agreed that when the order was paid Block should deduct therefrom the $2,000 loan and the amount of the note and credit any balance upon Block's contract upon the work involved in this suit.

Block talked with Burke on the telephone and thereupon gave Eichenberger a check of $2,000. Counsel for respondent Block states in the brief that:

"It is undisputed that payment of this $3,500, while made direct to Block, constituted a payment by Elizabeth Curtis to Eichenberger upon his contract with her, and that when it was paid to Block she owned this sum, if not more, to Eichenberger upon her contract with him."

Several weeks later Block received from Burke a check for $3,500 in payment of this order. Block deducted the $2,000 loan and $1,134 in payment of Eichenberger's note and applied the balance of $366 on his plumbing and heating contract, as agreed with Eichenberger.

Counsel for respondent in their brief state: "This $3,500 was not paid to Block by the loan company, as stated by appellants in their opening statement of the case." The effect of the $3,500 transaction was to pay to Block that amount and decrease the amount due him on his subcontract with Eichenberger in that sum and also to decrease the amount due to Eichenberger upon his contract with Eliazbeth Curtis.

There is no more reason for Block to credit $366 on his lien claim than there is that he should credit the whole of the $3,500 on such claim. Eichenberger owed Block a note amounting to $1,134, that had nothing to do with Block's contract with Eichenberger, nor with his lien claim. The check for $2,000 given by Block to

Eichenberger, was, in effect, nothing more nor less than a loan of that amount to Eichenberger, and did not affect Block's lien claim.

Block, having been paid $3,500 out of the building fund on his subcontract, should credit the same on his lien claim, which is based upon his subcontract with Eichenberger. This should be done whether the amount of $3,500 went through the hands of Eichenberger or not.

Block receipted to Eichenberger for the $3,500 payment to "apply on plumbing and heating." However we look more to the real transaction than to the receipt. The language of the order which Block received and the whole transaction plainly shows that Block understood that the money was paid by the loan company in payment for his labor and material.

■ Where payment is made from a particular fund or source, such payment must be applied to a debt which is a lien upon such fund, or which is a liability against such source, as against other debts, unless the parties who would be prejudiced by such different application acquiesce therein: 5 Page, Contracts (2d Ed.) § 2844-5, pp. 5028, 5031; *Hughes v. Flint,* 61 Wash. 460, 462, 112 P. 633; *Harris v. Gilbert,* 46 R. I. 350 (128 A. T. L. 11, 12); *Boyer-Van Kuran Lbr. Co. v. Colonial Apts. Co.,* 94 Neb. 180, 183 (142 N. W. 519); *Jordan v. Bank of Morrilton,* 168 Ark. 117 (269 S. W. 53).

■ ■ A subcontractor receiving the check of the owner, or mortgagee of the owner, between whom and himself no relation of debtor and creditor exists, must account for the rightful application of the proceeds of such check, the check being in itself notice of the source of the fund and a direction as to how it should be applied: *Bowles v. Clark,* 59 Wash. 336, 339 (109 P.

812, 31 L. R. A. (N. S.) 613; *Mueller Furnace Co. v. Colvin,* 146 Minn. 252 (178 N. W. 496); *Bowen v. Desser,* 179 Cal. 322, 326 (176 P. 453).

The decree of the circuit court will be modified by deducting the sum of $3,134, being a portion of the proceeds of the check for $3,500 from the amount of the lien of respondent Block. The appellants will be awarded costs against the respondent Block.

Coshow, C. J., and Belt, J., concur.