CARL V. ANDERSON v. NORTHWESTERN TRUST COMPANY AND ANOTHER.[1]

October 2, 1931.

No. 28,582.

*Leach & Swore,* for appellant.
*Constant Larson,* for respondent.

OLSEN, J.

Defendant appeals from an order denying its motion for a new trial.

In December, 1918, A. H. Gregersen, P. O. Unumb, Gust A. Loo, and William Hendrickson each owned an undivided one-fourth of a lot and a garage building thereon. An addition and certain improvements were made on the garage building. A. H. Gregersen furnished the money for the addition and improvement to the extent

[1]Reported in 238 N. W. 164.

of $4,000. A note for $4,000 to represent the money paid out by him was made to Gregersen, dated December 28, 1918, due in 90 days, and bearing interest at seven per cent per annum. The note was signed by Unumb and Loo and also by Gregersen, the payee therein. Hendrickson did not sign the note and is not shown to have had any part in the transaction.

On January 3, 1919, Loo conveyed his interest in the property to Gregersen, and on January 26, 1921, Hendrickson conveyed his interest to Unumb, and Unumb and Gregersen thereafter each owned an undivided one-half of the property until plaintiff acquired Unumb's one-half interest by redemption on April 2, 1925, as hereinafter stated.

On June 25, 1921, Unumb gave to Gregersen a first mortgage on his one-half interest in the garage property to secure $1,550.60 owing by him to Gregersen, and on July 18, 1921, a second mortgage for $5,000 to secure an additional indebtedness of that amount. Neither of these mortgages included any part of the indebtedness evidenced by the prior $4,000 note, which remained unsecured.

Gregersen died on November 30, 1921, and the defendant Northwestern Trust Company was shortly thereafter appointed and qualified as executor of his estate and has since continued to act as such. The estate has not been closed and is in course of probate in the probate court. The mortgages mentioned and the notes secured thereby, together with the $4,000 note and another unsecured $700 note given by Unumb to Gregersen, then came into the hands of defendant as executor, as part of the Gregersen estate, for collection by it.

On November 18, 1922, Unumb gave to plaintiff and one Nelson a third mortgage for $2,250, to secure an indebtedness of that amount, upon his one-half interest in the garage property. Nelson afterwards assigned his interest in this mortgage and indebtedness, and the mortgage may hereafter be referred to as if given to plaintiff alone.

The two mortgages given by Unumb to Gregersen and in the hands of defendant as executor were not paid when due, and defendant foreclosed them. Plaintiff, under his third mortgage, redeemed

from the foreclosure of one of the mortgages and took an assignment of the foreclosure certificate on the other, and in that way became the owner of Unumb's one-half interest in the property on April 2, 1925.

During the time here in question the garage property was rented to others and produced a rental income of $137.30 per month. Plaintiff seeks to recover part of these rentals coming into the hands of defendant and by it applied on the indebtedness of Unumb to the Gregersen estate. He testified that at the time he took the $2,250 mortgage on November 18, 1922, it was stated by Unumb that the rentals for the garage were being applied on the two mortgages to Gregersen and that it was agreed by Unumb that the rentals should continue to be so applied. The court found that the agreement was that Unumb's share of the rentals should be applied on the two Gregersen mortgages and upon the other indebtedness of $4,000, then reduced to $2,050.

Gregersen during his lifetime had indorsed payments upon the $4,000, reducing the amount due thereon, as of June 28, 1921, to $2,050. These indorsements represented rentals received from the garage.

The defendant trust company, after its appointment as executor, received as rentals from Unumb's one-half interest in the garage the total sum of $2,780.17 and applied this money as follows: $812.16 as interest on the $5,000 mortgage; $985.93 as interest and $64.48 as principal on the balance of $2,050 on the $4,000 note; and $217.60 as interest and $700 as principal to pay up the $700 note. There thus remained unpaid $1,985.52 on the $4,000 note.

The court found that Unumb was liable for only one-third of the $4,000 note and that $183.32 had been overpaid on his share thereof; and as to the $700 note found that $799.46, applied thereon after plaintiff's mortgage was given on November 18, 1922, had been wrongfully applied. The court awarded recovery against defendant for this $183.32 and the $799.46.

We are unable to find evidence to sustain these findings and conclusions. Unumb testified that at the time the $4,000 note was given the agreement was that it was to be paid out of rentals of

the garage. While Hendrickson was then the owner of an undivided one-fourth of the property and was not a party to the improvement made or the agreement, it is not shown that he had any interest in or received any part of the rentals. He soon thereafter parted with his interest in the property. Again, Unumb testified that at the time he gave to Gregersen the two mortgages on the property it was understood between them that the rentals were to be applied on the balance of the $4,000 note. At that time he was the owner of an undivided one-half of the property. The evidence taken as a whole leads to the conclusion that the entire rentals of the garage were to be applied on the note without regard to what interest each owned in the property. The note was to be a charge upon the rentals; and, when Unumb became the owner of an undivided one-half of the property, his half of the rentals became applicable, to the extent of one-half of the note, and Gregersen's one-half of the rentals applicable to the other half of the note. Unumb's testimony as to the understanding between himself and Gregersen, at the time when the mortgages to Gregersen were given, which was after Unumb had become the owner of one-half of the property, bears this out. The note being for an added improvement upon the property which benefited the owners, whoever they might be, there is nothing inequitable in applying the entire rentals upon the note until paid and until each owner has contributed one-half of the amount due on the note.

Unumb did testify, arguendo, that as three of them signed the note he should contribute and pay only one-third of the note. But the note is a joint and several obligation, upon which each signer is prima facie liable for the full amount. Nor does the note affect the validity of any agreement as to the application of the rentals. The conclusion reached is that there would be no misapplication of rentals on this note of which this plaintiff could complain until at least one-half of the note was overpaid out of Unumb's share of the rent, and admittedly no such overpayment had been made.

As to the $700 unsecured note, plaintiff does not appear to be in a position to complain of the application of rentals thereon. Defendant had no notice or knowledge of any claim of plaintiff to

these rentals or their application until March 25, 1925. No rentals have since been received by defendant from the one-half interest of Unumb in the property, now held by plaintiff, except that defendant received the rents up to April 1, 1925, and had taken a note for some rentals accruing in 1924, part of which note was not paid until after April 1, 1925. Any oral agreement between plaintiff and Unumb of which defendant had no notice or knowledge should not be held to prevent defendant from applying the rentals on any indebtedness of Unumb in its hands. Then, again, Mr. Headley, the vice president and trust officer of defendant, testified that in July, 1922, he had a conversation with Unumb and went over with him the different notes held by the Gregersen estate against him; that he asked Unumb what he wanted them to do about the rent in the future; and that Unumb said they should collect it and apply it on his indebtedness. This conversation is not contradicted by Unumb or anyone. It stands undisputed. In September, 1922, defendant wrote a letter to Unumb wherein it informed him that $118.14 of his half of rent received had been applied on the $700 note; $179.38 on the balance of $2,050 on the $4,000 note; and $98.54 on the $5,000 mortgage note; all applications being on interest. Unumb did not answer the letter or make any objection to the applications made. This corroborates Headley's testimony and shows quite clearly that as to Unumb the defendant had the right and was directed to apply these rentals on Unumb's indebtedness to the Gregersen estate as it saw fit.

Plaintiff claims that, by taking his mortgage with an agreement by Unumb that the rentals should be applied on the prior mortgages to Gregersen and the $4,000 note, he acquired such an equity as to prevent the application of any rentals on the $700 note. But here the payments applied on this note were made in accord with the directions of the debtor, Unumb, and were applied before defendant had any notice or knowledge of plaintiff's claim thereto. The two small payments made after March 25, 1925, were presumably payments on the note given for rent for the year 1924. So payments and application thereof were facts accomplished and made in accord with the directions of the debtor. Under the law, the applica-

tions made were rightful and legal when made. The then undisclosed equities, if any, of the plaintiff would not overturn what had rightfully been done.

In Pond & Hasey Co. v. O'Connor, 70 Minn. 266, 270, 73 N. W. 159, 160, 248, this court said:

"It is the rule that an application once rightfully made by either party is conclusive and final; also that the law will not disturb an application made by the parties."

See also Standard Oil Co. v. Day, 161 Minn. 281, 201 N. W. 410, 41 A. L. R. 1291; Radichel v. Federal Sur. Co. 170 Minn. 92, 212 N. W. 171.

We do not find anything in the cases cited by plaintiff specially applicable to the facts in the present case or sufficient to take it out of the rules above stated.

Order reversed.